```
1
2
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

HERVE GUERRIER,                )
                               )
    Plaintiff,             )    3:10-cv-00719 -LRH-VPC
                               )
    v.                     )    **REPORT AND RECOMMENDATION**
                               )    **OF U.S. MAGISTRATE JUDGE**
ROBERT LEGRAND, *et al.*,      )
                               )    December 20, 2011
    Defendants.            )
_____)

    This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion to dismiss (#20).[1] Plaintiff opposed (#22) and defendant replied (#23). The court has thoroughly reviewed the record and recommends that defendant's motion to dismiss (#20) be granted in part and denied in part.

### I. HISTORY & PROCEDURAL BACKGROUND

    Plaintiff Herve Guerrier ("plaintiff"), a *pro se* inmate, is currently incarcerated at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#15). The events giving rise to this action took place while plaintiff was housed at Lovelock Correctional Center ("LCC"). *Id*. Pursuant to 42 U.S.C. § 1983, plaintiff brings his amended civil rights complaint, alleging violations of his Eighth and Fourteenth Amendment rights. *Id*. After the court's screening of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, his sole remaining claim alleges an Eighth Amendment deliberate indifference claim against defendant John Scott, a senior physician at LCC (#16). *Id*.[2] Defendant John Scott ("defendant") brings the instant motion.

    In his complaint, plaintiff alleges that he was diagnosed with an inguinal hernia in 2008

---

[1]     Refers to the court's docket number.

[2]     The court dismissed plaintiff's claims against Katherine Hegge and Robert LeGrand, and all other constitutional claims (#16).

1  (#15, p. 3).[3]  NDOC medical staff assigned plaintiff to the lower bunk in his cell, gave him pain
2  medication, and provided him with a support belt. *Id.*  Plaintiff alleges that defendant acknowledged
3  the need for hernia surgery but said "that he will not recommend it because NDOC will not spend
4  tax payers money on inmates to have hernia surgery." *Id*. at 4.  Plaintiff claims he filed grievances
5  regarding defendant Scott's statement and that NDOC responded to plaintiff's grievances stating:
6  "you were seen by a NDOC senior physician on 8-24-10.  Based on his examination and professional
7  opinion, you were not a candidate for surgery at this time." *Id*. at 4-5.  Plaintiff claims that as a result
8  of his untreated hernia, he is unable to stand for periods of time without excruciating pain.  *Id*. at 4.
9  Plaintiff alleges that defendant Scott violated plaintiff's civil rights by refusing to recommend
10 plaintiff for a surgery because of the financial costs involved.  *Id*. at 6.[4]

11         Defendant moves to dismiss plaintiff's complaint and argues that: (1) plaintiff fails to state
12 a claim upon which relief may be granted; (2) the Eleventh Amendment bars plaintiff's monetary
13 claims against defendant Scott in his official capacity; and (3) defendant Scott is entitled to qualified
14 immunity (#20).

15         Plaintiff opposes and argues that, "Dr. John Scott ha[s] failed to adequately treat his left side
16 inguinal hernia and that these failures have been intentional inaction" (#22, p. 2).  Plaintiff claims
17 he suffers excruciating pain which limits his ability to complete minimal tasks.  *Id*.  Plaintiff states
18 that while he sought treatment for his pain, defendant Scott failed to properly treat plaintiff's hernia.
19 *Id*. at 3.  Plaintiff asserts that defendant refused to treat him because of the financial costs involved
20 in properly treating plaintiff's hernia.  *Id*. at 5.[5]

21         Defendant maintains that plaintiff's complaint fails to state an Eighth Amendment claim of
22 deliberate indifference to a serious medical need (#23, p. 1).  He asserts that the court should exclude

---

[3] The court utilizes the numbering produced by the electronic docket numbering system.

[4] The court only considers the allegations relating to plaintiff's Eighth Amendment claim against defendant Scott, which appear in counts I and III.  Additionally, because plaintiff's grievances are not authenticated, the court considers only his allegations in his complaint regarding the grievances he filed.

[5] Plaintiff attaches exhibits in support of his opposition.  The court only considers the facts alleged in plaintiff's complaint, and does not consider new facts in plaintiff's opposition or his attached exhibits.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

2

1  new allegations in plaintiff's opposition which he did not allege in his complaint. *Id*. at 1-2. Further, defendant argues the court should not consider the exhibits which plaintiff references in his opposition. *Id*. at 2. Defendant maintains that the Eleventh Amendment bars recovery of damages against him in his official capacity and that he is entitled to qualified immunity. *Id.* at 5.

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Screening Pursuant to 28 U.S.C. § 1915A(a)

Federal courts conduct a preliminary screening in cases where an inmate seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(e)(2). *Pro se* pleadings, however, must be construed liberally. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted). Dismissal of a complaint on the ground that it fails to state a claim upon which relief may be granted is also provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or amended complaint.

The court screened this action and entered an order on June 7, 2011, finding that plaintiff presented sufficient facts to allow an Eighth Amendment claim to proceed against defendant Scott (#16). Nevertheless, defendant now moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) (#20).

#### 2. Motion to Dismiss

"A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm*., 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Id*. at 555. The Rule 8(a) notice

3

1  pleading standard requires the plaintiff to "give the defendant fair notice of what the ... claim is and
2  the grounds upon which it rests." *Id*. (internal quotations and citation omitted). The "plausibility
3  standard" does not impose a "probability requirement," rather, it requires a complaint to contain
4  "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, --- U.S. ---,
5  129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are merely consistent with a
6  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
7  relief." *Id*.

8  When considering a motion to dismiss for failure to state a claim upon which relief may be
9  granted, the court employs a two-pronged approach. *Id*. at 1955. First, the tenet that a court must
10 accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*.
11 at 1949. Second, only a complaint that states a plausible claim for relief survives a motion to
12 dismiss. *Id*. at 1950. In other words, for the nonmovant to succeed, "the non-conclusory 'factual
13 content,' and reasonable inferences from that content, must be plausibly suggestive of a claim
14 entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Thus,
15 a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2)
16 insufficient facts under a cognizable legal claim." *Smilecare Dental Grp. v. Delta Dental Plan*, 88
17 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534
18 (9th Cir. 1984)).

19 Under section 1983, a plaintiff must allege that: (1) defendants subjected him to the
20 deprivation of a right, privilege, or immunity guaranteed by the U.S. Constitution or federal law; and
21 (2) defendants acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also*
22 *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

23 A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where
24 it appears certain that the plaintiff would not be entitled to relief. *Ortez v. Washington County, State*
25 *of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a
26 less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519,
27 596 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634
28 (9th Cir. 1988).

**B.     Analysis**

    **1.  Failure to State an Eighth Amendment Deliberate Indifference Claim**

Defendant moves to dismiss plaintiff's Eight Amendment claim and argues that plaintiff fails to sufficiently state an Eighth Amendment claim (#20). Defendant contends that plaintiff's complaint does not allege that defendant purposefully ignored his hernia and the associated pain, or that defendant disregarded plaintiff's complaints of pain. *Id*. at 4. Defendant asserts that plaintiff's disagreement with the defendant's course of treatment is not sufficient to state an Eighth Amendment deliberate indifference claim. *Id*.

Plaintiff alleges defendant failed to properly treat plaintiff's hernia when he refused to refer him for a surgery (#15, pp. 3-4). Plaintiff claims defendant refused to refer plaintiff for a surgery and said that NDOC would not spend taxpayer money on hernia surgery for inmates. *Id*. at 4. Plaintiff claims he suffers from excruciating pain as a result of defendant's intentional failure to properly treat plaintiff's hernia. *Id*. at 14.

A prisoner's claim of inadequate medical care arises under the Eighth Amendment. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To prevail on an action alleging cruel and unusual punishment, a plaintiff's case must satisfy an objective standard – that the deprivation was serious enough to amount to cruel and unusual punishment, and a subjective standard – deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 297-304 (1991). A prison official violates the Eighth Amendment when he responds with deliberate indifference to an inmate's serious medical need. *Farmer*, 511 U.S. at 834.

The objective requirement of a "serious medical need" is met if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In this circuit, examples of serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131

1  (9th Cir. 2000) (citations omitted).

2  The subjective standard of deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (quoting *Whitley*, 475 U.S. at 319). The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id.* at 836. To prove deliberate indifference, plaintiff must demonstrate that prison staff denied, delayed, or intentionally interfered with medical treatment or that the way prison staff provided medical care indicates deliberate indifference, and that plaintiff sustained damages as a result of such conduct. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Prison medical staff do not violate the Eighth Amendment simply because their opinion concerning medical treatment conflicts with the opinion of the inmate-patient. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Moreover, "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam); *accord McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

Further, a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). However, a prisoner can establish that such a difference of opinion amounted to deliberate indifference where "the course of treatment the doctors chose was medically unacceptable under the circumstances," and such a course of treatment was chosen "in conscious disregard of an excessive risk to the prisoner's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Here, plaintiff claims that defendant Scott intentionally denied plaintiff proper medical treatment because of the financial cost of surgery (#15, p. 4). Plaintiff also contends that defendant's refusal to recommend surgery was in disregard to plaintiff's health and risk of future health problems. *Id.* at 13; *see also Jackson*, 90 F.3d at 332 (holding that a prisoner can establish that a difference of opinion concerning the appropriate course of treatment amounted to deliberate indifference where the treatment the doctor chose was medically unacceptable under the circumstances, and was chosen in disregard of an excessive risk to the prisoner's health). Thus,

6

plaintiff sufficiently alleges "more than ordinary lack of due care" for plaintiff's health, thus satisfying the subjective standard of a deliberate indifference claim. *See Farmer*, 511 U.S. at 835.

Plaintiff further alleges that defendant's refusal to properly treat plaintiff has resulted in excruciating pain, and could cause plaintiff to develop a strangulated hernia (#15, p. 4). Plaintiff satisfies the objective requirement of a deliberate indifference claim if failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *See Jett*, 439 F.3d at 1096. To prove deliberate indifference, plaintiff must demonstrate that prison staff denied, delayed, or intentionally interfered with medical treatment or that the way prison staff provided medical care indicates deliberate indifference, and that plaintiff sustained damages as a result of such conduct. *Hutchinson*, 838 F.2d at 394. Plaintiff alleges sufficient facts to state an Eighth Amendment deliberate indifference claim against defendant.

Moreover, in its order (#16) in which it screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), the court already determined that plaintiff states an Eighth Amendment deliberate indifference claim against defendant Scott. The court will not reconsider its finding in this regard, because the standard for review on screening under § 1915 is the same standard under Rule 12(b)(6). Accepting plaintiff's allegations as true and construing them in a light most favorable to plaintiff, plaintiff states sufficient factual allegations to plausibly allege that defendant Scott acted with deliberate indifference in failing to properly treat plaintiff's hernia, which resulted in excruciating pain to plaintiff.

**2.    Eleventh Amendment Immunity**

Defendant argues that to the extent plaintiff asserts a claim against him under 42 U.S.C. § 1983 in his official capacity for damages, it should be dismissed pursuant to the Eleventh Amendment (#20, p. 4). The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity . . . against one of the United States by Citizens of another State . . . ." U.S. Const. amend XI. The Supreme Court has held that a suit against a state official in his or her official capacity is not suit against that official, but rather a suit against the official's office; therefore, an official acting in his or her official capacity is not a "person" under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because

7

1  the state and its officials are not considered "persons" within the meaning of section 1983, "they
2  cannot be held liable under the statute for money damages." *Bank of Lake Tahoe v. Bank of Am.*,
3  318 F.3d 914, 918 (9th Cir. 2003). Plaintiff names defendant Scott in his official and individual
4  capacity and requests monetary damages (#15). Therefore, to the extent that plaintiff seeks monetary
5  damages against defendant Scott in his official capacity, the claim should be dismissed with
6  prejudice.

7  **3.   Qualified Immunity**

8  Defendant argues that he should be dismissed pursuant to the doctrine of qualified immunity
9  (#20, p. 5). "[Q]ualified immunity protects government officials from liability for civil damages
10 insofar as their conduct does not violate clearly established statutory or constitutional rights of which
11 a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation
12 and internal quotation marks omitted). When a state official reasonably believes his or her acts were
13 lawful in light of clearly established law and the information they possessed, the official may claim
14 qualified immunity. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam); *Orin v. Barclay*, 272
15 F.3d 1207, 1214 (9th Cir. 2001). Where "the law did not put the officer on notice that his conduct
16 would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier*
17 *v. Katz*, 533 U.S. 194, 202 (2001), *abrogated on other grounds by Pearson*, 555 U.S. 223 (2009)
18 ("while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as
19 mandatory").

20 In analyzing whether a defendant is entitled to qualified immunity, the court must consider:
21 (1) whether the plaintiff alleges a deprivation of a constitutional right, assuming the truth of his
22 factual allegations; and (2) whether the right at issue was "clearly established" at the time of the
23 defendant's alleged misconduct. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241
24 (2010) (quoting *Pearson*, 555 U.S. 223).

25 In the context of a motion to dismiss, factual allegations are taken as true and are construed
26 in the light most favorable to the nonmoving party. *Lee v. City of Los Angeles*, 250 F.3d 668, 679
27 (9th Cir. 2001) (citation omitted). First, plaintiff alleges the violation of a clearly established right
28 – that defendant Scott denied him adequate medical care, which resulted in excruciating pain to

plaintiff. *See Estelle*, 429 U.S. 97 (holding that the Eighth Amendment creates a constitutional obligation on the part of the government to provide prisoners adequate medical care). Second, a reasonable official would know that a denial of adequate treatment violates a plaintiff's Eight Amendment rights as the law was clearly established at the time period in question in this case. *See id*. at 103-05; *see also Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002).

At this stage in the litigation, defendant's qualified immunity defense is not viable. That is not to say defendant Scott might not be successful in asserting qualified immunity as a defense in a properly supported motion for summary judgment. The court recommends defendant's motion to dismiss based on qualified immunity (#20) be denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends defendant's motion to dismiss (#20) plaintiff's Eight Amendment deliberate indifference claim be **GRANTED** in part and **DENIED** in part. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#20) be **GRANTED** in part and **DENIED** in part as follows:

1. Defendant's motion to dismiss defendant Scott in his official capacity based on Eleventh Amendment immunity should be **GRANTED**, and plaintiff's monetary damages claim against defendant in his official capacity should be **DISMISSED with prejudice**; and

2. Defendant's motion to dismiss based on plaintiff's failure to state a claim and qualified immunity should be **DENIED without prejudice.**

**DATED:** December 20, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**