1

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

3    HERVE GURRIER,                        )
                                          )        3:10-cv-00719-LRH-VPC
4                Plaintiff,                )
                                          )
5         v.                              )        <u>**REPORT AND RECOMMENDATION**</u>
                                          )        <u>**OF U.S. MAGISTRATE JUDGE**</u>
6    ROBERT LEGRAND, *et al.*,            )
                                          )
7                Defendants.              )        January 4, 2012
     _____ )

8

9         This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

10   District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

11   § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's motion for an emergency injunction,

12   which the court analyzes as a motion for preliminary injunction (#24).[1]  Defendant opposed (#25)

13   and plaintiff replied (#26).  The court has thoroughly reviewed the record and recommends that

14   plaintiff's motion for preliminary injunction (#24) be denied.

15                          **I.  HISTORY & PROCEDURAL BACKGROUND**

16        Plaintiff Herve Guerrier ("plaintiff"), a *pro se* inmate, is currently incarcerated at Northern

17   Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections

18   ("NDOC") (#15).  The events giving rise to plaintiff's underlying action took place while plaintiff

19   was housed at Lovelock Correctional Center ("LCC").  *Id.*  Pursuant to 42 U.S.C. § 1983, plaintiff

20   brings his amended civil rights complaint, alleging violations of his Eighth and Fourteenth

21   Amendment rights.  *Id.*  After the court's screening of plaintiff's amended complaint pursuant to 28

22   U.S.C. § 1915A, his sole remaining claim alleges an Eighth Amendment deliberate indifference

23   claim against defendant John Scott, a senior physician at LCC (#16).  *Id.*[2]

24        In his complaint, plaintiff alleges that he was diagnosed with an inguinal hernia in 2008

25

26   _____

27        [1]        Refers to the court's docket number.

28        [2]        The court dismissed plaintiff's claims against Katherine Hegge and Robert LeGrand, and
     all other constitutional claims (#16).

1   (#15, p. 3).[3]  Plaintiff contends that defendant Scott acknowledged the need for hernia surgery but

2   said "that he will not recommend it because NDOC will not spend tax payers money on inmates to

3   have hernia surgery." *Id*. at 4.  Plaintiff claims that as a result of his untreated hernia, he is unable

4   to stand for an extended period of time without excruciating pain. *Id*.  Plaintiff alleges that defendant

5   Scott violated plaintiff's Eighth Amendment rights when he refused to recommend plaintiff for

6   surgery due to the financial cost of hernia surgery. *Id*. at 6.

7        Plaintiff filed the present motion for injunctive relief on October 11, 2011 (#24).  Plaintiff

8   alleges that a surgeon at NNCC examined plaintiff on September 12, 2011, and recommended that

9   plaintiff have hernia surgery. *Id*. at 2-3.  Plaintiff claims that there has been a delay in approving the

10  surgeon's recommendation and "there is no fix time limit [sic] how long it will take" for the review

11  committee to approve the surgeon's recommendation. *Id*. at 3.  In his motion, plaintiff asks the court

12  to order NNCC "to provide plaintiff relief from day to day excruciating hernia pain," and approve

13  the surgeon's recommendation for surgery. *Id*.

14       Defendant opposes plaintiff's motion and argues that plaintiff seeks to enjoin a party that

15  is not a defendant in the underlying lawsuit (#25, p. 4).  Defendant states that plaintiff's motion

16  "impermissibly attempts to broaden the scope of this lawsuit," and that any preliminary injunctive

17  relief must be tailored to the underlying action against defendant Scott. *Id*. at 4-5.  Defendant further

18  asserts that plaintiff fails to meet any of the requirements necessary to obtain injunctive relief.

19  Defendant argues plaintiff is not likely to succeed on the merits of his underlying claim because he

20  does not allege that defendant purposefully ignored plaintiff's hernia or that defendant disregarded

21  plaintiff's complaints of pain. *Id*. at 5-6.  Defendant contends plaintiff is not likely to suffer

22  irreparable injury absent preliminary injunctive relief because plaintiff "presents no evidence that

23  the surgery was deemed the only medically acceptable treatment and no evidence that the surgery

24  is an emergency." *Id*. at 8.  Defendant argues the balance of hardships favors denying plaintiff's

25  request because an injunction would require NNCC, a non-party, to assume medical costs that may

26  not be medically necessary. *Id*.

27

28  _____
    [3]     The court utilizes the page numbering produced by the electronic docket numbering system.

2

1    In reply, plaintiff claims that defendant Scott violated plaintiff's Eighth Amendment rights

2    when he refused to recommend plaintiff for surgery because of the financial cost of surgery (#26,

3    pp. 1-2).[4]  Plaintiff further alleges an NNCC surgeon recently examined plaintiff and recommended

4    hernia surgery.  *Id*. at 3.   However, plaintiff states NNCC must first approve the surgery

5    recommendation.  *Id*. at 4.  Thus, plaintiff seeks an injunction ordering NNCC to approve the

6    surgeon's recommendation and provide him with medical relief.  Plaintiff further claims that many

7    NDOC inmates with hernia problems are subject to policies that violate their Eighth Amendment

8    rights.  *Id*. at 13.  Plaintiff appears to argue that injunctive relief is appropriate because he is

9    challenging government policies which result in a pattern of constitutional violations.  *Id*.

10    The court notes that the plaintiff is proceeding *pro se*.  "In civil cases where the plaintiff

11   appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit

12   of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*

13   *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

14                                    **II.  DISCUSSION & ANALYSIS**

15   **A.    Discussion**

16          **1.  Preliminary Injunction Standard**

17    A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as

18   of right.  *Munaf v. Geren*, 553 U.S. 674, 688-90 (2008) (citations and quotation omitted).  Instead,

19   in every case, the court "must balance the competing claims of injury and must consider the effect

20   on each party of the granting or withholding of the requested relief."  *Winter v. Natural Resources*

21   *Defense Council, Inc.*, 555 U.S. 7, 17 (2008) (citation and quotation omitted).  The instant motion

22   requires the court to determine whether plaintiff has established the following: (1) he is likely to

23   succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief;

24   (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555

25   U.S. at 17 (citations omitted).

26    Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for

27

28          [4]       When citing to plaintiff's reply (#26), the court utilizes plaintiff's handwritten numbering
       at the bottom of the page.

1  issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one

2  factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d. 1045, 1049-

3  50 (9th Cir. 2010); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005).  In *Winter*,

4  the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale

5  approach to preliminary injunctions.  *See Winter*, 555 U.S. 7 at 51 (Ginsburg, J., dissenting)

6  ("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief

7  based on a lower likelihood of harm when the likelihood of success is very high . . . This Court has

8  never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 632 F.3d.

9  at 1131.  In light of the *Winter* decision, however, the Ninth Circuit determined that the Circuit's

10  sliding-scale approach, or "serious questions" test "survives . . . when applied as part of the four-

11  element *Winter* test."  *Alliance*, 632 F.3d. at 1131-32.  "In other words, 'serious questions going to

12  the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an

13  injunction, assuming the other two elements of the *Winter* test are also met."  *Id*.  The portion of the

14  sliding-scale test that allowed injunctive relief upon the possibility, as opposed to the likelihood, of

15  irreparable injury to the plaintiff, was expressly overruled by *Winter.  Stormans, Inc. v. Selecky*, 586

16  F.3d 1109, 1127 (9th Cir. 2009).

17       An even more stringent standard is applied where mandatory, as opposed to prohibitory

18  preliminary relief is sought.  The Ninth Circuit has noted that although the same general principles

19  inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well

20  beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing

21  a preliminary injunction."  *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir.

22  1984).  Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and

23  the law clearly favor the moving party and extreme or very serious damage will result.  *See Anderson*

24  *v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979).  "[I]n doubtful cases" a mandatory injunction

25  will not issue.  *Id*.

26       Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must

27  satisfy additional requirements when seeking preliminary injunctive relief against prison

28  officials:

4

1

2

3

4

5

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

6

7

8

9

10

11

12

18 U.S.C. § 3626(a)(2).  Thus, Section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates.  *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

13

**B.    Analysis**

14

15

16

17

18

19

20

21

22

23

Plaintiff seeks an injunction against an entity which is not named as a party in this lawsuit. Specifically, plaintiff asks this court to order NNCC to "provide plaintiff relief" from his hernia pain, by approving the surgeon's recommendation for surgery.  Courts may not rule on the rights of persons not currently before them.  *Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  As NNCC is not a party to the lawsuit plaintiff filed, the court may not fashion injunctive relief that orders NNCC to provide plaintiff with a particular course of medical treatment.  Further, the underlying lawsuit is against defendant Scott, and plaintiff's request for preliminary injunctive relief is not related to defendant Scott's alleged deliberate indifference.

24

25

26

27

28

Plaintiff seeks to enjoin conduct that is not related to the underlying lawsuit.  Injunctive relief is to be used to address issues related to the underlying violations presented in the complaint. Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470,

1   471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v.*

2   *Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) (no preliminary injunction where motion for relief

3   was based on facts and circumstances entirely different from initial claim); *Omega World Travel,*

4   *Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same).   Further, a court need not

5   consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709 F.2d 1268,

6   1273 n.4 (9th Cir. 1983).

7          While plaintiff discusses his underlying Eighth Amendment claim against defendant Scott

8   in his instant motion, the relief he requests is unrelated to defendant Scott.   Plaintiff appears to

9   discuss defendant's alleged misconduct to provide the court with a background to the new claim

10  plaintiff alleges in the instant motion.   Plaintiff now asks the court to order NNCC to provide him

11  with relief and approve an NNCC surgeon's recommendation for surgery.   Plaintiff's pending

12  lawsuit alleges that defendant Scott was deliberately indifferent to plaintiff's serious medical need

13  when he refused to refer him for hernia surgery (#15).   In his motion for injunctive relief, plaintiff

14  alleges that while an NNCC surgeon recommended plaintiff for hernia surgery, "there is no fix time

15  limit [sic] how long it will take" for the review committee to approve the surgeon's

16  recommendation (#24).   New complaints are properly lodged using the prison grievance system,

17  and if they remain unresolved, by filing a new action.   The court does not have jurisdiction to decide

18  plaintiff's motion for injunctive relief as his motion requests a mandatory injunction against a non-

19  party, and requests relief from conduct which is unrelated to the present lawsuit**.**

20         Due to these procedural deficiencies, the court will not undertake a full analysis of plaintiff's

21  request for injunctive relief.   However, plaintiff fails to address the requirements for injunctive

22  relief in his motion.   Plaintiff has not submitted any evidence, other than his own beliefs, to

23  substantiate his allegation that defendant Scott acted with deliberate indifference to plaintiff's

24  serious medical need.   Further, plaintiff failed to allege any facts to show that he will face

25  irreparable harm if the court does not intervene.   Plaintiff's motion does not warrant interference

26  with NDOC's internal process regarding approval for surgery.   Moreover, NNCC is not a party to

27  the lawsuit, and the court cannot determine the rights of a non-party.   Therefore, the balance of

28  equities does not favor issuance of an injunction.   Finally, it is not in the public interest to order an

injunction against NNCC, a non-party, which would require NNCC to expend significant time and resources.

The court recommends that plaintiff's motion for injunctive relief (#24) be denied because it seeks injunctive relief against NNCC, an entity that is not a party to this lawsuit, and it is not based upon the claim in the underlying suit.  Furthermore, plaintiff did not demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that plaintiff's motion for preliminary injunction (#24) be **DENIED**.

The parties are advised:

1.    Pursuant to 28 U.S.C.  § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for preliminary injunction (#24) be **DENIED**.

**DATED:** January 4, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**